UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GERGES EID ATA GERGES,

                  Petitioner,

      v.

ERNESTO SANTACRUZ JR., et al.,

                  Respondents.

Case No. 5:26-cv-02075-SSC

MEMORANDUM AND ORDER

Petitioner Gerges Eid Ata Gerges, a citizen of Egypt subject to a final order of removal, brings this habeas petition through counsel pursuant to 28 U.S.C. § 2241.  (ECF 1.)  Petitioner was ordered removed on August 22, 2025, but an immigration judge granted withholding of removal to Egypt.  (*Id.* at 2, 4, 25.)  Petitioner was detained on March 31, 2026, during one of his check-ins with Immigration and Customs Enforcement (ICE).  (*Id.* at 2, 12.)  The reason for his detention was to execute his removal order, and Respondents intend to remove Petitioner to a third country.  (*Id.*)  Petitioner asserts that Respondents intend to do so "without offering him the opportunity to contest such removal to that third country, and without raising any objections to his possible persecution in that 'third country.'"  (*Id.* at 2.)  Petitioner has no criminal record.  (*Id.* at 12.)  Petitioner has "fully cooperated with

Respondents and has not delayed or obstructed his detention." (*Id.* at 6.)

Petitioner seeks release claiming his continued detention violates due process protections and the Immigration and Nationality Act (INA) because his removal is not reasonably foreseeable. (*Id.* at 17–20.) The petition seeks "immediate release under reasonable conditions of supervision without an ankle monitor." (*Id.* at 21.) Petitioner also asks attorney's fees and costs.[1] (*Id.*)

Petitioner is subject to a final order of removal and cites *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). (*Id.* at 13–16.) In *Zadvydas*, the Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." 533 U.S. at 699. Interpreting the statute in this manner avoided a due process issue that would be caused by indefinite detention. *Id.* at 689–90.

The petition asserts that there is no significant likelihood of removal in the reasonably foreseeable future because (1) Petitioner "cannot be deported to his home country due to his withholding of removal relief grant"; (2) "ICE has historically managed to remove only a tiny fraction of non-citizens granted withholding or [Convention Against Torture] to alternative countries"; (3) "ICE failed to remove every similarly situated individual in the last year, leading to their eventual release"; (4) "any countries to which requests may still be pending have no logical reason to accept [Petitioner's] deportation and

---

[1] To recover prevailing-party fees under the Equal Access to Justice Act (EAJA), counsel must file a separate motion for such fees within thirty days of final judgment in the action. *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

have provided no timeline under which they might decide"; and (5) "deporting [Petitioner] to those alternative countries would require additional, lengthy proceedings." (ECF 1 at 14–15.)

In the two-paragraph answer, Respondents included the following: "Respondents are not presenting any opposition argument at this time" and further that "consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter."[2] (ECF 8 at 2.) The Court thus construes the petition as unopposed.

---

[2] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

3

## ORDER

For the reasons set forth above, **IT IS ORDERED** that Judgment shall be entered GRANTING Petitioner's petition (ECF 1) and ordering that Petitioner be immediately released from Immigration and Customs Enforcement custody upon appropriate conditions of release.

DATED: May 7, 2026



_____

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE